**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:15CR130 |
| | ) | |
| ADAM MORGAN CAIN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS

COMES NOW the Defendant, Adam Morgan Cain ("Mr. Cain"), by counsel, in accordance with Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of *the Sentencing Guidelines and Policy Statements* as well as this Court's Sentencing Order, and hereby represents that the Defendant has reviewed the Probation Office's Pre-Sentence Report ("PSR") and Addendum. There is one unresolved objection that affects the calculation of the advisory guidelines. The Defendant also states his position with respect to sentencing factors.

Mr. Cain is before this Court for sentencing after entering a plea of guilty on December 10, 2015, pursuant to the terms of a written plea agreement, to Count Three of the Indictment, in violation of Title 18, United States Code, section 2422(b). Sentencing is set for March 24, 2016.

The PSR calculates Mr. Cain's advisory guideline range at 360 months to Life with a statutory mandatory minimum of 120 months. Mr. Cain respectfully asks this Honorable Court to impose a sentence that complies with the statutory mandate to impose a sentence that is "sufficient, but not greater than necessary" to accomplish the goals of sentencing. *See* 18 U.S.C. § 3553(a).

## Objection

1. § 2G2.2(c). Mr. Cain objects to the application of the cross-reference set forth in U.S.S.G. Section 2G2.2(c) applying Section 2G2.1. In *United States v. Palomino-Coronado*, 805 F.3d 127,

(4th Cir. 2015), the court addressed the elements of 18 U.S.C. 2251(a). In analyzing Section 2251(a), the court noted that the statute contains a specific intent element the government must prove - that a defendant engaged in the sexual activity with the specific intent to produce a visual depiction. In *Palomino-Coronado*, the defendant engaged in sexual activity with a seven-year-old child on more than one occasion, and had taken several pictures of her with his cellular telephone in his basement. One of those pictures was sexually explicit, but subsequently deleted by the defendant. The court reversed the decision of the district court and vacated the defendant's conviction. The court stated:

> *"Here, the evidence produced at trial does not support the conclusion that Palomino–Coronado engaged in sexual activity with B.H. for the purpose of producing a picture. No direct evidence or statements indicating intent were offered. There was no testimony that Palomino–Coronado gave any instruction or direction to B.H. as part of their sexual encounter that would indicate purpose. See, e.g., Morales–de Jesus, 372 F.3d at 21–22; Sirois, 87 F.3d at 42.*
>
> *All that the record shows is that Palomino–Coronado had engaged in sexual activity with B.H. on more than one occasion; that he had taken several non-sexually explicit pictures of her with his cell phone in his basement; and that one sexually explicit picture was taken, in which B.H. identified herself and Palomino–Coronado as the two people depicted. Without more, these facts do not support the conclusion that Palomino–Coronado engaged in sexual activity with B.H. in order to take a picture. To hold otherwise would eliminate the specific intent requirement, turning § 2251(a) into a strict liability offense."* Id at 132.

In reaching it's decision, the court examined several factors, when applied to the facts at bar, that do not support the use of the cross reference. The court looked at whether there was direct evidence which would be indicative of a defendant's purpose. The court cited *United States v. Leowitz,* 676 F.3d 100(11th Cir. 2012), and *United States v. Lee*, 603 F.3d 904 (11th Cir. 2010). In these cases, there was direct evidence of the defendants' intent where the defendant discussed the number of photographs, certain poses, and videotaping, all prior to the sexual activity. There is no such evidence as it pertains to Mr. Cain.

2

Also, the court considered cases where the evidence was circumstantial. This included the number of sexually explicit photographs. The court cited *United States v. Ortiz-Graulau*, 526 F.3d 16, (1st Cir. 2008), where the defendant had taken over 50 sexually explicit photographs. The court in *Ortiz-Graulau* concluded that the "number of photographs, many of sexually explicit poses, permit[ted] a strong inference that some of the conduct occurred in order to make the photographs." Id. at 19. The facts at bar reveal that there were a total of 5 sexually explicit photographs. This is insufficient to create any inference that would support the use of the cross reference in question.

As in *Palomino-Coronado*, the pictures herein were taken with a cell phone. That said, this too is insufficient to prove that Mr. Cain had the requisite specific intent. Unlike the presence of a camera, tripod or recording equipment, the presence of a cell phone is not evidence of purpose. *Palomino-Coronado* at 133. Prior to his arrest, Mr. Cain carried his cell phone with him at all times. This fact does not support a finding of purpose or the application of the cross reference.

The government relies on *United States v. Cox*, 744 F.3d 305, (4th Cir. 2014). In *Cox*, the court addressed the application of the 2G2.2 cross reference, finding that "the cross-reference's purpose requirement is satisfied anytime one of the defendant's purposes was to produce a visual depiction of the sexually explicit conduct.....producing the depiction need not be the defendant's sole, or primary, purpose." *Id*. at 309. However, the evidence in *Cox* was significantly greater and more indicative of the defendant's intent than what is present in this matter. In *Cox*, the defendant pled guilty to possession of child pornography. However, the facts in *Cox* were that the 46 pictures in question were actually taken by the defendant. In addition, the pictures were produced using a camera provided by the defendant, as opposed to a cell phone that he used for everyday purposes. Moreover, the defendant took the time to date the photographs and retained them for several years.

There was additional evidence of the defendant's use of threats, money and alcohol, as well as his attempt to obstruct justice by attempting to convince a witness to lie about the origin of the photographs. The facts in Cox clearly supported the application of the cross reference. However, when compared with the facts regarding Mr. Cain, the cross reference does not apply and is not supported by the facts.

Mr. Cain requests that this Court sustain his objection, and find that the cross-reference to 2G1.1 does not apply.

## The Appropriate Sentence in this Case

The Sentencing Guidelines are no longer mandatory. *United States v. Booker*, 543 U.S. 220, 260-61 (2005). Since *Booker*, the Supreme Court has consistently and significantly broadened the range of choices in sentencing dictated by the facts of the case. *See Gall v. United States*, 128 S. Ct. 586, 602 (2007); *see also Kimbrough v. United States*, 128 S. Ct. 570 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2465 (2007); and *Cunningham v. California*, 127 S. Ct. 856, 867 (2007). These cases–*Booker, Gall, Kimbrough, Rita*, and *Cunningham*–"mean that the district court is free to make its own reasonable application of the § 3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S. Ct. at 577 (Scalia, J., concurring). The district court "may not presume that the Guidelines range is reasonable," but must "make an individualized assessment based on the facts presented." *Gall*, 128 S. Ct. at 597.

Despite requiring sentencing courts to consider the advisory guidelines as one factor, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing as set forth in 18 U.S.C. § 3553(a). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This

requirement is not just another factor to be considered along with the others set forth in Section 3553(a)–it sets an independent limit upon the sentence.

Mr. Cain is subject to a statutory mandatory minimum prison sentence of 120 months. Mr. Cain requests that this Court find that a sentence of 180 months is sufficient, but not greater than necessary.

### Nature and Circumstances of the Offense

The nature and circumstances of the offense are sufficiently set forth in the "offense conduct" section of the PSR. Mr. Cain admitted his guilt, pled guilty, and accepted responsibility for his conduct. He is remorseful for his criminal conduct that had so negatively impacted the life of his victim and his family.

### The History and Characteristics of Adam Morgan Cain

The personal history of Mr. Cain are detailed in the pre-sentence report.

### The Kinds of Sentences Available

Mr. Cain's offense of conviction carries a statutory range of punishment of 10 years to Life imprisonment. Mr. Cain is not eligible for probation or home confinement, and he can only serve his time with incarceration in the Bureau of Prisons. He understands that the mandatory minimum is 120 months, and he asks the Court to impose no more than 180 months.

### The Sentence Recommended by the Sentencing Guidelines

The corrected PSR's calculation of the advisory guideline range assigns Mr. Cain a base offense level of 28. Mr. Cain's resulting advisory guideline range is 262 -327 months. A sentence of 180 months is sufficient, but not greater than necessary, to comply with the sentencing purposes of § 3553(a).

### Reflecting The Seriousness Of The Offense, Promoting Respect For The Law, Providing Just Punishment, Deterrence & Protecting The Public From Mr. Cain

Mr. Cain must continue to register as a sex offender, with the publication of that information to the community and his friends and neighbors. As several courts have recognized, collateral consequences of conviction, such as registration as a sex offender, are relevant to the "need" for the sentence imposed to reflect just punishment. *See, e.g.*, *United States v. Garate*, 543 F.3d 1026, 1028 (8th Cir. 2008) (on remand from the Supreme Court for reconsideration in light of *Gall*, overruling its prior holding that it was inappropriate for the district court to consider the lasting effects of being required to register as a sex offender); *United States v. Pauley*, 511 F.3d 468, 474-75 (4th Cir. 2007) (in a case involving a conviction for possession of child pornography after *Gall*, affirming the district court's finding that the defendant "warranted a lower sentence because he lost his teaching certificate and his state pension as a result of his conduct," because "[c]onsideration of these facts is consistent with § 3553(a)'s directive that the sentence reflect the need for just punishment," *id.* § 3553(a)(2)(A), and "adequate deterrence," *id.* § 3553(a)(2)(B)).

Mr. Cain is extremely remorseful, and has accepted responsibility for his actions. Mr. Cain is aware of the consequences of his actions, and the negative impact it has caused. Not only must he work on himself, but throughout this process, Mr. Cain will have to work on regaining the trust of the few who continue to support him.

### Needed Educational/Vocational Training, Medical Care & Correctional Treatment

First and foremost, Mr. Cain hopes to receive the appropriate treatment and counseling for sex offenders while incarcerated. While mental health/sex offender treatment and counseling is available in the Bureau of Prisons, such treatment is also available in a non-custodial setting and will be required upon Mr. Cain's release from incarceration - no matter *what* the term of his

imprisonment. Thus, this sentencing factor does not necessarily lead to a longer prison term. He is willing to attend counseling and treatment that will remain available for him upon his release from prison. As set forth above, Mr. Cain is a high school graduate with a minimal amount of community college. He believes that additional education and vocational training would benefit him greatly. He realizes that he will be released from confinement one day and hopes to be as prepared as possible to re-enter the job market and become a contributing member of society.

## Need to Avoid Unwarranted Sentence Disparity

The Court must consider the need to avoid unwarranted disparities among defendants with similar criminal histories convicted of similar criminal conduct. 18 U.S.C. § 3553(a)(6). The court should avoid unwarranted similarities in sentencing among defendants who are different in ways not accounted for in the guideline range. *See Gall*, 552 U.S. at 55 ("need to avoid unwarranted *similarities* among other co-conspirators who were not similarly situated"). A sentence of 180 months, given his history and characteristics, and other sentencing factors, avoids unwarranted sentencing disparities and serves the mandate of § 3553(a) to impose a sentence sufficient, but not greater than necessary to punish for Mr. Cain's conduct.

## Supervised Release

In considering the aforementioned sentencing factors, Mr. Cain requests that he be sentenced to a term of supervised release not to exceed fifteen years. The sentencing factors enumerated in 18 U.S.C. § 3553(a), when applied to Mr. Cain, mandate a term of supervised release not to exceed fifteen years. A term of supervised release more than fifteen years is excessive, and far greater than necessary, to achieve the purposes of sentencing.

Mr. Cain faces 5 years up to lifetime supervised release once he is released from the Bureau

of Prisons. He has been in custody for these charges since September 11, 2015. Upon release, he will be returning to a world which most likely will be vastly different from the world we live in at this time. Specifically, the technology that is used in everyday life now will have progressed even further. Currently, most potential employers utilize internet-based applications. The personal computer has graduated to being a tablet in many homes. Further, many, if not a majority, of homes no longer have a "land line" for telephone communication; instead, personal smart phones have taken its place. Understanding general terms related to technology and use of the internet must be a condition of his supervision, Mr. Cain requests that this Court not impose specific terms of supervision relating to technology at this time, allowing that to be determined at the time of release when supervision begins.

## **CONCLUSION**

    Mr. Cain respectfully requests that this Court give consideration to the foregoing factors and find that a sentence of 180 months, with 15 years of supervised release would be sufficient, but not greater than necessary, to fulfill the purposes of the sentencing.

                                                Respectfully submitted,

                                                ADAM MORGAN CAIN

                By:              /s/
                          Rodolfo Cejas, II
                          VSB No.: 27996
                          Attorney for Adam Morgan Cain
                          Office of the Federal Public Defender
                          150 Boush Street, Suite 403
                          Norfolk, Virginia 23510
                          (757) 457-0885 (telephone)
                          (757) 457-0880 (telefax)
                          Rodolfo_cejas@fd.org

# CERTIFICATE OF SERVICE

I certify that on this 17th day of March, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification (NEF) to:

> Elizabeth M. Yusi
> Assistant United States Attorney
> U. S. Attorney's Office
> 101 West Main Street, Suite 8000
> Norfolk, Virginia 23510
> Phone:757-441-6331
> Email: elizabeth.yusi@usdoj.gov

I certify that I have served the following document to the non-filing user by e-mail:

> Jason Cole
> U.S. Probation Officer
> 600 Granby Street, Suite 200
> Norfolk, Virginia 23510

By:         /s/
Rodolfo Cejas, II
VSB No.: 27996
Attorney for Adam Morgan Cain
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0885 (telephone)
(757) 457-0880 (telefax)
Rodolfo_cejas@fd.org