```
1                IN THE UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF VIRGINIA
2                          Norfolk Division

3

4  - - - - - - - - - - - - - - - - - -
                                     )
5     UNITED STATES OF AMERICA,       )
                                     )
6                                     )    CRIMINAL ACTION NO.
      v.                              )    2:15cr130
7                                     )
      ADAM CAIN,                      )
8                                     )
              Defendant.              )
9  - - - - - - - - - - - - - - - - - -

10

11
                        TRANSCRIPT OF PROCEEDINGS
12
                          Norfolk, Virginia
13
                          December 10, 2015
14

15

16  BEFORE:  THE HONORABLE ROBERT J. KRASK
             United States Magistrate Judge
17

18

19  APPEARANCES:

20          UNITED STATES ATTORNEY'S OFFICE
            By:  Elizabeth Yusi
21               Assistant United States Attorney
                 Counsel for the United States

22          FEDERAL PUBLIC DEFENDER'S OFFICE
            By:  Rodolfo Cejas
23               Assistant Federal Public Defender
                 Counsel for the Defendant
24

25
```

1          (Hearing commenced at 2:02 p.m.)

2          THE CLERK:  United States of America versus Adam

3    Cain, case 2:15cr130.

4          Are counsel ready to proceed?

5          MS. YUSI:  Government is ready.  Good afternoon,

6    Your Honor.

7          MR. CEJAS:  Defendant is ready.  Good afternoon,

8    Judge.

9          THE COURT:  Good afternoon, counsel.

10         Mr. Cejas, if you will come to the podium with your

11   client.

12         MR. CEJAS:  Yes, sir.

13         MS. YUSI:  Your Honor, I actually have a brief

14   motion to correct a scrivener's error in count three of the

15   indictment.

16         THE COURT:  Okay.

17         MS. YUSI:  In count three of the indictment, North

18   Carolina general statute 14.27(A) but it actually should be

19   14-202.1.  It is from a different state.

20         THE COURT:  That is a motion to correct that error.

21   Mr. Cejas --

22         MR. CEJAS:  No objection.

23         THE COURT:  -- do you have any objection?

24         MR. CEJAS:  No, sir.

25         THE COURT:  Very good.  Then the motion to correct

1  the indictment is granted, and it shall be amended as

2  specified by Ms. Yusi.

3          Are you Adam Cain, sir?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Mr. Cain, my name is Robert Krask, and

6  I'm a U.S. Magistrate Judge, and U.S. District Judge Arenda

7  Wright-Allen has directed me to conduct a colloquy pursuant

8  to Rule 11 of the Federal Rules of Criminal Procedure.

9  Because I am a U.S. Magistrate Judge, you must consent to my

10 conducting this colloquy, this question and answer session

11 that we are going to have for the purpose of deciding whether

12 we are going to accept your proposed guilty plea before I can

13 proceed.

14          Did you execute this consent form authorizing me to

15 take and accept your guilty plea to the charge in the

16 indictment, count three, pending against you?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  And did you sign this consent form, sir?

19          THE DEFENDANT:  Yes, sir.

20          THE COURT:  Do you understand that if I accept your

21 guilty plea to count three, you will not be allowed to

22 withdraw it at will simply because you later change your

23 mind?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  All right.  With that understanding and

1    based on his signature on this document, I accept your

2    consent.

3             Mr. Cejas, did you also sign this document?

4             MR. CEJAS:  Yes, I did.

5             THE COURT:  And, Ms. Yusi, did you as well?

6             MS. YUSI:  I did, Your Honor.

7             THE COURT:  All right.  Then we will proceed with

8    the guilty plea.

9             Mr. Cain, before taking and accepting your plea of

10   guilty, this Court must inform you of your rights in this

11   matter and be satisfied that you understand them and that you

12   are entering the plea freely and voluntarily with a full

13   understanding of those rights.

14            To do that I'm going to ask the clerk to place you

15   under oath in just a moment, and I will ask you a series of

16   questions to determine whether you know what your rights are

17   and whether you are, in fact, guilty of the offense to which

18   you propose to plead guilty here this afternoon.

19            If you don't understand my question for any reason,

20   I would like you to stop me and interrupt me and ask me to

21   explain or you can speak to Mr. Cejas and ask him any

22   question you have.  Will you agree to do that?

23            THE DEFENDANT:  Yes, sir.

24            THE COURT:  And if you need to confer with

25   Mr. Cejas, you are certainly free to do that.  However, you

1  need to know that your answers to my questions must be true

2  and they must be your answers, not Mr. Cejas's answers.  Do

3  you understand that?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  I tell you that because if your answers

6  are not true and they are material to these proceedings,

7  those answers may be used against you in a separate

8  prosecution for perjury or false statement.  Do you

9  understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  I will ask the clerk to swear you in

12  now.

13          (Defendant was sworn.)

14  BY THE COURT:

15  Q.  Is Adam Cain, sir, your correct name?

16  A.  Yes, sir.

17  Q.  And are you the person named in the indictment in

18  criminal number 2:15cr130?

19  A.  Yes, sir.

20  Q.  How old are you, Mr. Cain?

21  A.  I'm 41.

22  Q.  And where were you born?

23  A.  Burgaw, North Carolina.

24  Q.  And how far did you go in school?

25  A.  I was three months from an Associate's degree.

Q.   Three months from your Associate's degree?

A.   Yes, sir.

Q.   So you had some college?

A.   Yes, sir.

Q.   Are you able then to read, write and speak the English

language and understand what I'm saying to you today?

A.   Yes, sir.

Q.   As you stand there are you under the influence of any

drugs, narcotics, marijuana or alcohol?

A.   No, sir.

Q.   Have you ever been treated for mental illness or

addiction of narcotic drugs of any kind?

A.   I take Prozac for PTSD.  I see a psychologist when I was

out once a month.  But I don't know if that was classified as

a mental illness or not.

Q.   I think it would certainly qualify.  I'm glad you brought

it to my attention, which is why I asked the question.  Does

your taking -- are you still taking Prozac now?

A.   Yes, sir.

Q.   And does your taking of that medication affect your

ability to understand what I'm saying to you and to respond

to my questions?

A.   No, sir.

Q.   Are you suffering from any illness at the present time

that would affect your ability to understand what's happening

1    here today and respond to questions?

2    A.  No, sir.

3    Q.  And is Prozac the only medication you are taking at this

4    time?

5    A.  No, sir.  I take Lisinopril for my blood pressure.  I

6    take Lasix, which I take that furosemide because I have fluid

7    around my heart and lungs, and I take Flexeril because I have

8    a bad back, and I take Simvastatin for cholesterol.

9    Q.  All right.  Does your taking of any of those drugs affect

10   your ability to understand what I'm saying to you and to

11   answer my questions?

12   A.  No, sir.

13   Q.  Do you feel all right today?

14   A.  Yes, sir.

15   Q.  And you're able to go forward with this proceeding even

16   having taken all those medications?

17   A.  Yes, sir.

18   Q.  Very well.  Now, have you received a copy of the

19   indictment pending against you, that is the written charges

20   that the United States has filed against you in this case?

21   A.  Yes, sir.

22   Q.  Do you have a copy of it there in front of you?

23   A.  Yes, sir.

24   Q.  It appears you do.  Okay.  And have you fully discussed

25   the charges in the indictment and read it, reviewed it with

1    Mr. Cejas, your attorney?

2    A.  Yes, sir.

3    Q.  You are charged in the indictment with four counts, and

4    you have agreed to plead guilty to count three, which charges

5    you with enticement, in violation of Title 18, United States

6    Code, Sections 2422(b) and Section 3559(e).  In order to

7    convict you of the offense contained in count three, the

8    United States would have to prove each of the following

9    essential elements beyond a reasonable doubt:  That in the

10   Eastern District of Virginia and elsewhere, you knowingly

11   used a facility or means of interstate commerce, in this case

12   some form of Internet communication, one; two, you knowingly

13   persuaded, induced, enticed or coerced an individual who had

14   not obtained the age of 18 years old; three, to engage in any

15   sexual activity; four, for which any person can be charged

16   with a criminal offense, and that offense here is the

17   violation of North Carolina general statute Section 14-202.1,

18   which prohibits as a felony the taking or attempted taking of

19   indecent liberties with a child by one who is 16 years old or

20   older, that would be you, and who is at least five years

21   older than the child in question when such person either:

22   One, willfully takes or attempted to take any immoral,

23   improper or indecent liberty with any child under the age of

24   16 years old for the purposes of arousing or gratifying or

25   sexual desire; or two, when such person willfully committed

1  or attempted to commit any lewd or lascivious act upon with

2  the body or any part or member of the body of any child under

3  the age of 16 years old.

4       Do you understand the elements that the United States

5  would have to prove beyond a reasonable doubt to convict you

6  of the charge in count three, sir?

7  A.  Yes, sir.

8  Q.  Now, the maximum penalty provided by law for count three

9  is a term of life imprisonment, a fine not exceeding

10  $250,000, full restitution, forfeiture of assets, a special

11  assessment of $100, and a term of supervised release of up to

12  life in jail.  Do you understand the seriousness of the

13  penalty provided by law for count three?

14  A.  Yes, sir.

15  Q.  With respect to the prison term specified and that

16  penalty also carries a mandatory minimum prison term of ten

17  years imprisonment.  Do you understand that?

18  A.  Yes, sir.

19  Q.  With respect to the term of supervised release, there is

20  a minimum term of supervised release of five years, and, of

21  course, the maximum is all the way up to life.  Do you

22  understand that, as well?

23  A.  Yes, sir.

24  Q.  Now, this case involves restitution pursuant to the plea

25  agreement at Paragraph 9.  Do you understand that in addition

1  to any fine or prison sentence that the Court may impose in
2  this case, you may be required to make restitution and
3  compensate any victim who has suffered a loss caused by any
4  acts for which you are pleading guilty here today?
5  A.  Yes, sir.
6  Q.  And any person who has suffered as a result of the acts
7  for which you are pleading guilty today may be the subject of
8  a restitution order and that order may be made a part of your
9  sentence.  It has the effect of a judgment against you.  And
10 do you understand that the amount of the restitution order
11 has not yet been determined, as the plea agreement notes, but
12 it could be an amount equal to all of the losses suffered by
13 any victim of your offense?
14 A.  Yes, sir.
15 Q.  Now, this case also involves forfeiture as noted in
16 Paragraphs 12 and 13 of your plea agreement.  Do you
17 understand that the Court may require you to forfeit certain
18 property to the United States in conjunction with your plea
19 of guilty to count three of the indictment?
20 A.  Yes, sir.
21 Q.  Now, the offense to which you are pleading is a felony.
22 If your plea is accepted, you will be adjudged guilty of that
23 offense, and such judgment may deprive you of valuable civil
24 rights, including the right to vote, the right to hold public
25 office, to serve on a jury, and to possess any firearm.  Do

1  you understand the valuable civil rights you will be giving

2  up for the plea of guilty?

3  A.  Yes, sir.

4  Q.  Additionally, do you understand that the cost of your

5  prosecution and the cost of your incarceration, supervision

6  or probation, if any, may also be assessed against you should

7  the Court determine that you have the funds with which to pay

8  such costs?

9  A.  Yes, sir.

10  Q.  Do you understand under the Sex Offender Registration and

11  Notification Act under the law you will be required to

12  register and keep the registration current in each of the

13  following jurisdictions:  the jurisdiction where you reside,

14  jurisdiction where you work or are employed, and any

15  jurisdiction where you are a student if you were going to

16  school.  Do you understand that?

17  A.  Yes, sir.

18  Q.  Do you understand that the requirements for registration

19  include providing true name, residence address, and the name

20  and address of any places where you are or will be an

21  employee or student, among other information?

22  A.  Yes, sir.

23  Q.  Do you further understand that the requirement to keep

24  the registration current includes informing at least one

25  jurisdiction in which you reside or are an employee or are a

1  student, not later than three business days after any change

2  of your name, residence, employment or student status?

3  A.  Yes, sir.

4  Q.  Lastly, on this subject do you understand that the

5  failure to comply with those obligations regarding

6  registration and notification subjects you to prosecution for

7  failure to register under federal law, specifically under

8  Title 18, United States Code, Section 2250, which is

9  punishable by a fine or imprisonment or both?

10  A.  Yes, sir.

11  Q.  Now, do you understand that you will be required to pay,

12  first, a special assessment of $100 for each offense for

13  which you were found guilty, which is to apply to court

14  costs?

15  A.  Yes, sir.

16  Q.  Do you further understand that if you are found to be

17  nonindigent, means you don't have sufficient funds on hand to

18  pay, you will also have to pay a second special assessment of

19  $5,000 which applies to persons convicted of the offense to

20  which you are pleading guilty?

21  A.  Yes, sir.

22  Q.  And you must pay special assessments prior to sentencing

23  in the case.  Do you understand that?

24  A.  Yes, sir.

25  Q.  Now, do you understand, as I've mentioned before, that

1    there may be a period of supervised release in addition to

2    any sentence imposed, and for count three, the term of

3    supervised release is a term of -- a minimum of five years

4    and a maximum of up to life on supervised release?

5    A.  Yes, sir.

6    Q.  You further understand that if you fail to abide by the

7    conditions of supervised release, that you may be subject to

8    an additional period of confinement not to exceed the term of

9    supervised release imposed in this case?

10   A.  Yes, sir.

11   Q.  Now, I have in front of me a plea agreement.  Let me just

12   examine it for just a minute, Mr. Cain.  Then I'm going to

13   ask you to examine it.  Also going to take a look at the

14   statement of facts, and I'll have that handed to you, as

15   well.

16        If you would look first at that original plea

17   agreement.  Have you read that plea agreement, Mr. Cain?

18   A.  Yes, sir.

19   Q.  And has Mr. Cejas fully explained it to you?

20   A.  Yes, sir.

21   Q.  Is that the plea agreement that you signed, sir?

22   A.  Yes, sir.

23   Q.  And did you and Mr. Cejas fully discuss the plea

24   agreement before the Court, before you decided to sign it?

25   A.  Yes, sir.

Q.  And before signing the plea agreement, did you read it
and understand each page?
A.  Yes, sir.
Q.  And did you also initial each page to reflect the fact
that you read and reviewed the entire plea agreement?
A.  Yes, sir.
            THE COURT:  Mr. Cejas, did you also read, review,
sign and initial that plea agreement?
            MR. CEJAS:  Yes, Your Honor.
            THE COURT:  And, Ms. Yusi, did you, as well?
            MS. YUSI:  I did, Your Honor.
            THE COURT:  Thank you.  Ms. Yusi, were any plea
offers made by the United States other than what is reflected
in this plea agreement?
            MS. YUSI:  We had discussed, this is the more
favorable plea agreement that included the C1B provision of
the cap.
            MR. CEJAS:  That's correct.
            THE COURT:  So there was a prior plea offer?
            MS. YUSI:  In discussion, not formally made.
            THE COURT:  Not formally.  Is that correct, Mr.
Cejas?
            MR. CEJAS:  Yes, it is, Judge.
            THE COURT:  And was any prior plea discussion, was
it more or less favorable, Mr. Cejas, than the plea agreement

1  that you've reached with the United States?

2  MR. CEJAS:  It was less favorable.  This plea is

3  more favorable to Mr. Cain.

4  THE COURT:  Did you communicate the details of any

5  prior plea offers to Mr. Cain or simply a matter of

6  discussion between you and Ms. Yusi?

7  MR. CEJAS:  We discussed the possibilities, yes,

8  sir.

9  THE COURT:  And with respect to those possibilities,

10 would it be fair to say that you rejected any informal prior

11 plea offer in lieu of accepting this one?

12 MR. CEJAS:  Yes.

13 THE COURT:  Thank you, Mr. Cejas.

14 MR. CEJAS:  Thank you.

15 BY THE COURT:

16 Q.  Now, Mr. Cain, do you understand that you have a right to

17 plead not guilty, or if you have previously entered a plea of

18 not guilty, that you have a right to persist in that plea?

19 A.  Yes, sir.

20 Q.  If you plead not guilty, you have the right to a speedy

21 and public trial by jury, and at that trial you have the

22 right to the assistance of counsel, the right to confront and

23 cross-examine witnesses against you.  You cannot be required

24 to incriminate yourself.  Do you understand this?

25 A.  Yes, sir.

1    Q.  If you plead not guilty at trial, you may not be required

2    to testify, and any decision on your part not to testify at

3    trial may not be commented upon, nor may the Court nor the

4    jury draw any inference from such decision not to testify.

5    Do you understand you have that right?

6    A.  Yes, sir.

7    Q.  Do you understand that if you plead guilty you waive

8    those rights?

9    A.  Yes, sir.

10   Q.  And do you further understand that if the Court accepts

11   your guilty plea, there will be no further trial of any kind

12   in this matter?

13   A.  Yes, sir.

14   Q.  Do you further understand that if you plead not guilty,

15   the United States would have the burden of convincing each

16   and every member of a jury composed of 12 persons of your

17   guilt by competent evidence by proof beyond a reasonable

18   doubt?

19   A.  Yes, sir.

20   Q.  Do you understand that you have the right to use the

21   power and process of this court to compel the production of

22   any evidence, including the attendance of any witnesses on

23   your behalf, but if the Court accepts your guilty plea here

24   today, you lose that right?

25   A.  Yes, sir.

1  Q.  Do you believe that any of your constitutional rights

2  have been violated in any way in connection with the seizure

3  of any physical or tangible evidence relating to your offense

4  by any police or other law enforcement agent, federal or

5  state?

6  A.  No, sir.

7  Q.  Do you believe that any of your constitutional rights

8  have been violated in any way in regard to the taking of any

9  oral or written statement from you by any police,

10 Governmental or law enforcement agency, or by anyone directly

11 or indirectly having a connection with such agency?

12 A.  No, sir.

13 Q.  Has anyone, including your attorney or the United States

14 Attorney, made any promise of leniency or promise of any kind

15 in return for your guilty plea other than what's contained in

16 that written plea agreement that you have in front of you?

17 A.  No, sir.

18 Q.  Has anyone threatened you in any way or used any force

19 against you to induce you to plead guilty?

20 A.  No, sir.

21 Q.  Do you understand that any recommendation by the

22 prosecution for a particular sentence in this case is not

23 binding on the Court?  In this case the plea agreement

24 contains a recommendation that the prosecutor will not oppose

25 your attorney's request for a sentence -- or would not argue

1  at sentencing for a sentence over 30 years of imprisonment?

2  A.  Yes, sir.

3  Q.  You understand it contains that recommendation but that

4  recommendation is not binding on the Court?

5  A.  Yes, sir.

6  Q.  Do you also understand that any agreement by the

7  prosecution not to oppose any request by your attorney for a

8  particular sentence is not binding on the Court, as well?

9  A.  Yes, sir.

10  Q.  Now, have you had the opportunity to discuss your case

11  with Mr. Cejas?

12  A.  Yes, sir.

13  Q.  Have you discussed all the facts with him?

14  A.  Yes, sir.

15  Q.  Are you satisfied that he has fully considered all the

16  facts, discussed with you any possible defenses that you

17  might have to the charges against you?

18  A.  Yes, sir.

19  Q.  Do you understand that should you be sentenced to prison

20  for this crime that there is no parole?

21  A.  Yes, sir.

22  Q.  Do you understand that although the statute under which

23  you are charged in count three sets forth both a maximum

24  sentence of life and a mandatory minimum sentence of ten

25  years, which can be imposed, there are sentencing guidelines

1  which have been established and the Court is required to
2  calculate something called an advisory guideline range and
3  consider that range recommended by the guidelines at the time
4  of sentencing?
5  A.  Yes, sir.
6  Q.  And do you further understand that although the Court
7  will consider that guideline range, the Court may impose a
8  sentence above or below the range so long as the sentence
9  imposed is not greater than the maximum sentence authorized
10 by the statute of your conviction and so long as the sentence
11 is not less than the mandatory minimum ten year sentence
12 called for by your statute of conviction?
13 A.  Yes, sir.
14 Q.  The Court advises you that it may take into consideration
15 all of your activities in calculating the sentencing
16 guidelines in sentencing you, including activities for which
17 you are not charged and activities for which charges or
18 indictments have been or will be dismissed.
19      Do you understand that the Court may take into
20 consideration all of your activities, including whether you
21 obstructed justice, whether you've accepted responsibility
22 for your offense, and it may also take into account any
23 victims of your offense in determining the guideline range
24 and appropriate sentence in the case?
25 A.  Yes, sir.

1    Q.  You understand that your criminal history or the lack of

2    a criminal history is an important factor in applying the

3    sentencing guidelines?

4    A.  Yes, sir.

5    Q.  Now, have you discussed the sentencing guidelines with

6    Mr. Cejas?

7    A.  Yes, sir.

8    Q.  And has he explained to you the various considerations

9    which go into determining and calculating the sentencing

10   guidelines?

11   A.  Yes, sir.

12   Q.  Now, in determining the appropriate sentence, the Court

13   advises you that it will also consider something called the

14   statute sentencing factors which are contained in Title 18,

15   United States Code, Section 3553(a).  There is a whole bunch

16   of factors that are listed in that statute, and they include

17   such things as the nature and circumstances of your offense,

18   the need for any sentence imposed to reflect the seriousness

19   of the offense, the need to promote respect for the law, the

20   need to provide just punishment, the need to protect the

21   public from future crimes, the need to provide you with any

22   needed educational training, medical care or other types of

23   correctional treatment.

24          The Court will also consider the types of sentences

25   available and the kinds of sentences imposed on other persons

1    who have committed offenses similar to yours.

2    A.  Yes, sir.

3    Q.  Do you understand that the Court will consider all those

4    factors when sentencing you?

5    A.  Yes, sir.

6    Q.  Now, have you discussed with Mr. Cejas those sentencing

7    factors as well as the guidelines?

8    A.  Yes, sir.

9    Q.  Now, a presentence report must be prepared by the

10   probation office of this court setting forth your personal

11   history as well as the facts of the case.  Do you understand

12   that until such a report is completed, it's impossible for

13   either the Court or Mr. Cejas to know precisely what the

14   sentencing range will be prescribed by the guidelines?

15   A.  Yes, sir.

16   Q.  Do you understand that it may be necessary to resolve

17   disputed facts in the presentence report and that the

18   resolution of those facts may affect the application of the

19   sentencing guidelines?

20   A.  Yes, sir.

21   Q.  And do you understand that at this point it's unlikely

22   that Mr. Cejas can be specific as to the guidelines which

23   apply in your case because he has not seen the presentence

24   report because it hasn't been prepared yet?

25   A.  Yes, sir.

1  Q.  Do you understand that you will not be able to withdraw

2  your plea on the ground that Mr. Cejas's prediction as to the

3  guideline range proves to be mistaken?

4  A.  Yes, sir.

5  Q.  Now, in this case, Mr. Cain, in the plea agreement in

6  front of you, Paragraph 6 indicates that you are entering

7  into an appeal waiver.  Ordinarily without such a waiver you

8  possess a right to appeal your conviction and sentence and to

9  proceed with such an appeal without paying filing fees if you

10  can't afford to do so.

11       Do you understand that in Paragraph 6 there is a

12  provision whereby you waive your right to appeal your

13  conviction and any sentence imposed upon any ground

14  whatsoever so long as that sentence is within the maximum

15  provided by the statute?

16  A.  Yes, sir.

17  Q.  Do you understand that you are giving up your right to

18  appeal, that is, by signing that plea agreement that you have

19  in front of you, pleading guilty, you will not appeal your

20  conviction or any lawful sentence imposed by this Court?

21  A.  Yes, sir.

22  Q.  Do you understand that in that same paragraph of the plea

23  agreement you are also agreeing to waive your rights to

24  request or receive from any department or agency of the

25  United States any records pertaining to the investigation or

1  prosecution of this case, including any records covered by

2  either the Freedom of Information or the Privacy Act?

3  A.  Yes, sir.

4  Q.  Mr. Cain, have you entered into that plea agreement

5  that's in front of you freely and voluntarily?

6  A.  Yes, sir.

7        THE COURT:  Then I order that the plea agreement be

8  filed in the case and provided to the court security officer.

9        Mr. Cejas, has Mr. Cain been competent and able to

10  cooperate with you in this case?

11        MR. CEJAS:  Yes, sir.

12        THE COURT:  Have you discussed the facts of the case

13  in detail with him?

14        MR. CEJAS:  I have.

15        THE COURT:  Are you satisfied that there are no

16  meritorious defenses that he might raise in the case which in

17  your opinion would result in a not guilty verdict by a jury

18  on count three?

19        MR. CEJAS:  Yes, sir.

20        THE COURT:  Are you satisfied that his

21  constitutional rights have been observed heretofore in the

22  case?

23        MR. CEJAS:  Yes, sir.

24        THE COURT:  Are you satisfied that as he stands

25  there he is not under the influence of any drugs, narcotics,

1    marijuana or alcohol, and with respect to drugs obviously he

2    is taking some, but is he competent and able to understand

3    what's going on?

4              MR. CEJAS:  Yes.  Yes, Your Honor.

5              THE COURT:  So yes, he is competent?

6              MR. CEJAS:  Yes, sir.

7              THE COURT:  And no, he is not under the influence of

8    marijuana, narcotics or alcohol, so far as you know?

9              MR. CEJAS:  Yes, sir, that's correct.

10             THE COURT:  Thank you.

11             Now, do you know of any reason of any nature which

12   would prevent the defendant from pleading guilty to this

13   charge?

14             MR. CEJAS:  I do not.

15   BY THE COURT:

16   Q.  Mr. Cain, the Court is now prepared to take your plea but

17   before we proceed let me ask you have you understood

18   everything that's taken place here today?

19   A.  Yes, sir.

20   Q.  Do you have any questions for the Court or Mr. Cejas

21   before I ask you for your plea?

22   A.  No, sir.

23   Q.  Now, count three of the indictment reads as follows:

24   Short so I'll just read it.  From on or about April 2015

25   through on or about August 2015, in the Eastern District of

1  Virginia and elsewhere, the defendant Adam Cain, using any
2  means and facility of interstate and foreign commerce, did
3  knowingly persuade, induce, entice and coerce Jane Doe, who
4  had not obtained the age of 18 years, to engage in any sexual
5  activity for which a person can be charged with a criminal
6  offense; namely, North Carolina general statute Section
7  14-202.1.
8         To that charge, Mr. Cain, and having heard that
9  charge, how do you plead, guilty or not guilty?
10 A.  Guilty.
11 Q.  And are you entering that plea of guilty freely and
12 voluntarily?
13 A.  Yes, sir.
14 Q.  Are you pleading guilty because you are, in fact, guilty
15 of the crime with which you are charged?
16 A.  Yes, sir.
17 Q.  Now, the Court previously examined a statement of facts
18 which I think is the original which is in front of you.  Do
19 you have that?
20 A.  Yes, sir.
21 Q.  And if you'd look at that document, I'll ask you first
22 did you sign it?
23 A.  Yes, sir.
24 Q.  And did you and Mr. Cejas fully discuss the facts that
25 are set forth in that document?

1  A.  Yes, sir.

2  Q.  Before you signed it did you read and understand the

3  statement of facts?

4  A.  Yes, sir.

5  Q.  And did you initial each page to reflect the fact that

6  you read and reviewed and understood the statement of facts?

7  A.  Yes, sir.

8         THE COURT:  Mr. Cejas, did you likewise read,

9  review, sign and initial that statement of facts?

10        MR. CEJAS:  Yes, Your Honor.

11        THE COURT:  Ms. Yusi, did you read, initial and sign

12  the statement of facts as well?

13        MS. YUSI:  I did, Your Honor.

14        THE COURT:  Thank you.  Is there any additional

15  facts that you would bring to the Court's attention, Ms.

16  Yusi, at this time?

17        MS. YUSI:  Not at this time, Your Honor.

18        THE COURT:  Thank you.

19        Now, Mr. Cain, do you agree that the statement of

20  facts is true and correct?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Is there anything in there that you

23  disagree with, sir?

24        THE DEFENDANT:  No, sir.

25        THE COURT:  Do you further agree that if this matter

1  had proceeded to trial, that the United States's evidence
2  would be sufficient to prove each of those facts beyond a
3  reasonable doubt?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Then I order that the statement of facts
6  be filed as well.

7          Mr. Cain, based on your colloquy here today, it is
8  the finding of the Court, in the case of United States versus
9  Adam Cain, criminal action number 2:15cr130, that you are
10 fully competent and capable of entering an informed plea and
11 that your plea of guilty to count three is a knowing and
12 voluntary plea supported by an independent basis in fact
13 containing each of the essential elements of the offense.

14         So the Court accepts your plea of guilty to count
15 three and it accepts the plea agreement that you've entered
16 into with the United States.  It remains for U.S. District
17 Judge Allen to actually enter a finding of guilt and impose
18 sentence.  However, you should be advised that Judge Allen
19 may not enter such a finding of guilt until such time as the
20 presentence report is finalized, and accordingly she may
21 withhold the finding of guilt until the report is received
22 and any factual disputes are resolved.

23         It appears that the parties have agreed on the date
24 of March 24th, 2016 at 11:00 a.m. for sentencing here in
25 Norfolk.  Is that correct?

1     MR. CEJAS:  Yes, sir.

2     THE COURT:  Then that will be the sentencing date

3   before Judge Allen, Mr. Cain.

4     A written presentence report will be prepared by the

5   probation office to assist the Court in sentencing you.  You

6   will be asked to give information for that report.  You have

7   the right to have Mr. Cejas present at any interview of you

8   conducted by the probation office in the course of the

9   presentence investigation so long as that office is notified

10  in writing by your counsel within three business days of

11  today's guilty plea as outlined in this sentencing procedures

12  order.

13    Mr. Cain, while I have it in front of me, did you

14  review this sentencing procedures order and did you sign it

15  on the third page?

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  Mr. Cejas, Ms. Yusi, did you as well?

18    MR. CEJAS:  Yes, Your Honor.

19    MS. YUSI:  Yes, Your Honor.

20    THE COURT:  I will endorse it now as well.

21    With respect to the presentence report, Mr. Cain,

22  you are advised that you and your attorney must read it and

23  it will be available approximately 35 days before sentencing.

24  You must file a written statement with the probation office

25  within 14 days of receiving the presentence report setting

1    out any objections to any facts, assertions or opinions

2    contained in the presentence report.  Failure to do so will

3    constitute a waiver of the right to object and an admission

4    of such facts, opinions or assertions in that report.

5         It's the obligation of the party objecting to the

6    presentence report to resolve those disputes by conferring

7    with opposing counsel and the probation office.  The parties

8    may resolve their disputes in which case they will so notify

9    the Court and the probation office.  Whether or not there are

10   disputed issues, your attorney and counsel for the United

11   States should file with the Court seven days prior to

12   sentencing a pleading which outlines their position with

13   respect to sentencing.

14        If any objections or disputed issues of fact are not

15   resolved, the Court will address them as appropriate at

16   sentencing or in such manner as it sees fit.

17        At sentencing, Mr. Cain, both you and your counsel

18   will have the opportunity to speak on your behalf and to

19   present evidence at the sentencing hearing.  Do you

20   understand that?

21        THE DEFENDANT:  Yes, sir.

22        THE COURT:  Do you understand the importance of

23   reviewing the presentence report, all the facts and the

24   information contained about you, your personal history and

25   about the offense because the Court is going to rely on those

1  facts when it comes to sentencing?

2          THE DEFENDANT:  Yes, sir.

3          THE COURT:  Now, is Mr. Cain detained at the present

4  time?

5          MR. CEJAS:  Yes, sir, he is.

6          THE COURT:  All right.  Then I'm going to remand him

7  to the custody of the U.S. Marshal, but before I do that I

8  need to enter an order accepting your plea of guilty.  I'm

9  going to do that right now before the Court recesses.

10         Ask counsel is there anything further we need to do

11  in respect to this matter?

12         MS. YUSI:  Not from the Government.

13         MR. CEJAS:  No, sir.  No, Your Honor.  Thank you.

14         THE COURT:  Mr. Cain, you are going to be remanded

15  to the custody of the U.S. Marshal pending sentencing.  The

16  Court will be in recess.

17         (Hearing adjourned at 2:38 p.m.)

18

19

20

21

22

23

24

25

1 <u>CERTIFICATION</u>

2

3      I certify that the foregoing is a correct transcript

4 from the record of proceedings in the above-entitled matter.

5

6

7           X_____/s/_____x

8                     Jody A. Stewart

9           X_____5-2-2016 _____x

10                    Date

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

JODY A. STEWART, Official Court Reporter